## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 26 2019, 7:36 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Joseph R. Delehanty
Gutwein Law
Lafayette, Indiana

ATTORNEY FOR APPELLEE

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Boulder-Maxx, LLC, Andrew T. Gutwein, and Jeffrey L. Baumgartner, <br><br> *Appellants-Plaintiffs,* <br><br> v. <br><br> Richard Haby, <br><br> *Appellee-Defendant.* | July 26, 2019 <br><br> Court of Appeals Case No. 18A-PL-3061 <br><br> Appeal from the Boone Superior Court <br><br> The Honorable Thomas R. Lett, Special Judge <br><br> Trial Court Cause No. 06D02-1606-PL-84 |

**Najam, Judge.**

## Statement of the Case

[1]     Boulder-Maxx, LLC, Andrew T. Gutwein, and Jeffrey L. Baumgartner

(collectively "Boulder-Maxx") appeal the trial court's judgment in favor of

Richard Haby following a bench trial on Boulder-Maxx's complaint alleging that Haby committed fraud and breached his fiduciary duty to Boulder-Maxx. Boulder-Maxx presents the following issues for our review:

1. Whether the trial court erred when it found that Haby neither committed constructive fraud nor breached his fiduciary duty to Boulder-Maxx.

2. Whether the trial court erred when it found that Gutwein and Baumgartner each breached his fiduciary duty to Haby.

3. Whether the trial court abused its discretion when it awarded attorney's fees to Haby.

We affirm in part and reverse in part.

## Facts and Procedural History

In October 2007, Gutwein, Baumgartner, and James Chalfant formed Boulder-Maxx, a real estate holding company. In 2008, Chalfant "transferred a property referred to as the 'College Avenue Property'" to Boulder-Maxx for $120,000. Appellants' App. Vol. 2 at 12. Chalfant then leased that property from Boulder-Maxx and used it for his office. In April 2011, Chalfant transferred his interest in Boulder-Maxx to Haby, with whom Chalfant had had a "longstanding business relationship." *Id.* at 13. Chalfant continued to use the College Avenue Property for his office.

In 2012, "a dispute arose" between Chalfant and Boulder-Maxx "regarding the College Avenue Property," and Chalfant sued Boulder-Maxx to foreclose on a

mechanic's lien ("the mechanic's lien suit"). *Id.* The parties ultimately settled the matter. Under the terms of the settlement agreement, Boulder-Maxx agreed to sell the College Avenue Property back to Chalfant for $120,000. However, at the closing on that sale, Chalfant transferred his interest in the property to Northern Equity and Asset Trust, LLC ("NEAT") for $120,000. Unbeknownst to either Gutwein or Baumgartner, Haby was the sole named member of NEAT, a real estate holding company.

[5] In 2015, Gutwein and Baumgartner first learned that Haby was a member of NEAT. Gutwein and Baumgartner suspected that Haby had "actively concealed his interest in NEAT" from them and had conspired with Chalfant to get Boulder-Maxx to sell the College Avenue Property "at a discount" for Haby's benefit. Appellants' Br. at 30. Accordingly, in June 2016, Boulder-Maxx filed a complaint against Haby seeking the dissolution of Boulder-Maxx and alleging that Haby had committed fraud and constructive fraud and breached his fiduciary duty to Boulder-Maxx. Haby filed an answer and counterclaims alleging that Gutwein and Baumgartner each breached his fiduciary duty to Haby when they misappropriated Boulder-Maxx funds and alleging that their claims were frivolous and in bad faith.

[6] During a bench trial, Gutwein and Baumgartner each testified for Boulder-Maxx, and Chalfant testified on Haby's behalf. Haby did not testify. Chalfant testified in relevant part that: Haby had "no involvement" in NEAT; Chalfant managed NEAT "autonomously," without any input from Haby; and Chalfant was "the only signatory on [NEAT's] bank accounts." Tr. Vol. 2 at 187;

Appellants' App. Vol. 2 at 16. Thus, Chalfant testified that Haby neither knew about nor benefited from the College Avenue Property transfer to NEAT. Chalfant also testified that Baumgartner had tried to include in the mechanic's lien suit negotiations the sale of a property owned by Chalfant and Baumgartner, the "Sellers Street Property," to Boulder-Maxx at a discount in order to personally benefit Baumgartner. Tr. Vol. 2 at 33. But that sale did not go through. Finally, Haby presented evidence that Gutwein and Baumgartner had misappropriated Boulder-Maxx funds for their personal use.

[7] At the conclusion of trial, the trial court entered judgment in favor of Haby on Boulder-Maxx's claims and on Haby's counterclaims, and the court awarded Haby attorney's fees in an amount to be determined later. In particular, the trial court found that Gutwein and Baumgartner each had breached his fiduciary duty to Haby. In addition, the trial court ordered that Boulder-Maxx be dissolved. Boulder-Maxx filed a motion to correct error, which the trial court denied after a hearing. This appeal ensued.

## Discussion and Decision

### *Standard of Review*

[8] Boulder-Maxx appeals the trial court's findings and conclusions following a bench trial. As our Supreme Court has made clear, in such cases

> [w]e may not set aside the findings or judgment unless they are
> clearly erroneous. In our review, we first consider whether the
> evidence supports the factual findings. Second, we consider
> whether the findings support the judgment. Findings are clearly

erroneous only when the record contains no facts to support them either directly or by inference. A judgment is clearly erroneous if it relies on an incorrect legal standard. We give due regard to the trial court's ability to assess the credibility of witnesses. While we defer substantially to findings of fact, we do not defer to conclusions of law. We do not reweigh the evidence; rather we consider the evidence most favorable to the judgment with all reasonable inferences drawn in favor of the judgment.

*State v. Int'l Bus. Machs. Corp.*, 51 N.E.3d 150, 158 (Ind. 2016) (citations and quotation marks omitted).

[9] We also note that Boulder-Maxx appeals from a negative judgment on its claims against Haby. A party who had the burden of proof at trial appeals from a negative judgment and will prevail only if it establishes that the judgment is contrary to law. *Helmuth v. Distance Learning Sys. Ind., Inc.*, 837 N.E.2d 1085, 1089 (Ind. Ct. App. 2005). A judgment is contrary to law when the evidence is without conflict and all reasonable inferences to be drawn from the evidence lead only to one conclusion, but the trial court reached a different conclusion. *Id.*

### Issue One: Claims Against Haby

[10] Boulder-Maxx first contends that the trial court's findings of fact and conclusions of law "are clearly erroneous" in that they "disregard, overlook, or otherwise ignore evidence and testimony presented at trial." Appellants' Br. at 30. In particular, Boulder-Maxx maintains that the trial court erred when it concluded that Haby had not committed constructive fraud or breached his fiduciary duty. We cannot agree.

[11] Boulder-Maxx avers that "[i]t is undisputed amongst the parties that the members owed each other a fiduciary duty to deal fairly, honestly, and openly amongst one another and with the company." Appellants' Br. at 30 (citing *Purcell v. Southern Hills Investments, LLC*, 847 N.E.2d 991, 997 (Ind. Ct. App. 2006)). Boulder-Maxx asserts that

> Haby's failure to give notice to [Gutwein and Baumgartner] that his company ultimately retained ownership of the College Avenue Property was the breach of duty that resulted in damages to his fellow members stemming from the discounted sale price, where Haby stood to benefit based upon his membership interest in NEAT. This represented the breach and eventual damages necessary for a breach of fiduciary duty claim.

Appellants' Br. at 31. Further, Boulder-Maxx argues that, "'once it is established that one with a fiduciary duty has attempted to benefit from a questioned transaction, the law presumes fraud.'" *Id.* (quoting *W&W Equip. Co. v. Mink*, 568 N.E.2d 564, 573 (Ind. Ct. App. 1991)). Boulder-Maxx maintains that "[h]ere, there was, at the very least, a questionable transaction, and Haby failed to properly meet his burden of proof that his actions, or lack thereof, were honest and in good faith." Appellants' Br. at 32. In particular, Boulder-Maxx states that "Haby presented only one witness[, Chalfant,] to establish his defense that he had no prior knowledge of NEAT's acquisition of the College Avenue Property . . . and that Haby did not stand to benefit from the transaction. . . ." *Id.* Boulder-Maxx contends that Haby did not sustain his burden of proof because "Chalfant's testimony is not credible." *Id.*

[12]     Boulder-Maxx's contentions on appeal are explicit requests that we reweigh the evidence and assess the credibility of witnesses, which we cannot do. Whether Haby's sole witness, Chalfant, was credible was a determination exclusively within the trial court's discretion. And Chalfant's testimony supports the trial court's findings, which support the trial court's conclusions that Haby did not commit constructive fraud or breach his fiduciary duty. We hold that the trial court's findings and conclusions on these issues are not contrary to law.

### Issue Two:  Counterclaims Against Gutwein and Baumgartner

[13]     Boulder-Maxx next contends that the trial court's findings of fact and conclusions of law "are clearly erroneous" because they "disregard, overlook, or otherwise ignore evidence and testimony presented at trial" relevant to Haby's counterclaims alleging that Gutwein and Baumgartner breached their fiduciary duties. Appellants' Br. at 34. First, Boulder-Maxx points out that, in his testimony at trial, Baumgartner "disavowed" Haby's allegations "that Baumgartner attempted to personally benefit from the settlement of the [mechanic's lien suit] by including within the settlement a transfer of another piece of real estate, the Sellers Street Property, to Boulder-Maxx." *Id.* And, in any event, Boulder-Maxx states that the sale of the Sellers Street Property to Boulder-Maxx never occurred. A claim for breach of fiduciary duty requires a showing of harm to the beneficiary. *See Jaffri v. JPMorgan Chase Bank, N.A.*, 26 N.E.3d 635, 639 (Ind. Ct. App. 2015). Here, because there was no evidence of harm to Haby as a result of the attempted sale of the Sellers Street Property to

Boulder-Maxx, we agree with Boulder-Maxx that the trial court erroneously concluded that Baumgartner breached his fiduciary duty on that basis.

[14] However, the trial court also concluded that Gutwein and Baumgartner breached their fiduciary duties to Haby when they misappropriated Boulder-Maxx funds for their own benefit. On appeal, Boulder-Maxx asserts that Haby did not present any evidence to support his allegation that Gutwein and Baumgartner misappropriated funds when, in March 2016, Baumgartner wrote a check to Gutwein from Boulder-Maxx's bank account for $7,744. Thus, Boulder-Maxx maintains that the evidence does not support the trial court's conclusion that Gutwein and Baumgartner breached their fiduciary duties with that payment.

[15] Again, Boulder-Maxx's contentions on appeal are requests that we reweigh the evidence and assess the credibility of witnesses, which we cannot do. The trial court was entitled to find Gutwein's and Baumgartner's testimony not credible with respect to the $7,744 check to Gutwein. Indeed, Gutwein's and Baumgartner's testimony regarding this check was equivocal regarding whether it was made for a commission for a lease agreement or for some other unknown reason. And they each testified that Gutwein's commission for that particular lease would have been approximately $17,500, not $7,744.

[16] Moreover, Boulder-Maxx does not challenge the trial court's separate finding that "Baumgartner and Gutwein misappropriated corporate money for their own personal gains" when Boulder-Maxx wrote Gutwein Law Firm a check for

$2,638 in March 2016. Appellants' App. Vol. 2 at 22. The trial court concluded, based on those two findings, that Gutwein and Baumgartner breached their fiduciary duties to Haby. We hold that, despite the erroneous conclusion that Baumgartner breached his fiduciary duty when he attempted to benefit from the sale of property in negotiating a settlement agreement with Chalfant, the trial court's other findings are supported by the evidence and support the court's conclusion that Gutwein and Baumgartner breached their fiduciary duties. *See, e.g.*, *Fetters v. Fetters*, 26 N.E.3d 1016, 1019 (Ind. Ct. App. 2015) (stating that not every finding needs to be correct, and even if one or more findings are clearly erroneous, we may affirm the judgment if it is supported by other findings or is otherwise supported by the record), *trans. denied*.

## Issue Three: Attorney's Fees

Finally, Boulder-Maxx contends that the trial court abused its discretion when it awarded attorney's fees to Haby based on Boulder-Maxx's "continued prosecution of this matter to trial . . . in bad faith[.]" *Id.* at 23. Indiana Code Section 34-52-1-1(b)(3) (2019) provides that in any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party litigated the action in bad faith. Pursuant to this statute, bad faith is demonstrated where the "party presenting the claim is affirmatively operating with furtive design or ill will." *Techna-Fit, Inc. v. Fluid Transfer Prods., Inc.*, 45 N.E.3d 399, 418 (Ind. Ct. App. 2015) (citation omitted). Further, "in order to constitute bad faith under the statute, the conduct must be 'vexatious

and oppressive in the extreme.'" *Id.* (quoting *Neu v. Gibson*, 968 N.E.2d 262, 279 (Ind. Ct. App. 2012), *trans. denied*). "The reason for such a strict standard is that the nature of an attorney['s] fee award under the bad faith exception is punitive [.]" *Id.* (quoting *Neu*, 968 N.E.2d at 279).

[18] An award under Indiana Code Section 34-52-1-1 is afforded a multistep review. *Id.* First, we review the trial court's findings of fact under a clearly erroneous standard, and then we review the trial court's legal conclusions *de novo*. *Id.* Finally, we review the trial court's decision to award attorney's fees and the amount thereof under an abuse of discretion standard. *Id.*

[19] Here, the trial court found and concluded in relevant part as follows:

> [B]ecause [Boulder-Maxx] presented no evidence to contradict [Haby's] evidence that Chalfant's assignment [of his interest in the College Avenue Property to NEAT] was for Chalfant's own benefit and that he did not discuss, consult, or advise Haby [about] the assignment or his intent to undertake the assignment, [Boulder-Maxx's] continued prosecution of this matter to trial was in bad faith, and [Haby] is entitled to recover his attorney's fees, subject to proof following the entry of the Court's judgment.

Appellants' App. Vol. 2 at 23. Thus, the sole basis for the attorney's fee award was Boulder-Maxx's alleged failure to present evidence to support its claims against Haby.

[20] However, the trial court did not characterize Boulder-Maxx's conduct as "vexatious" or "oppressive in the extreme," and the court did not find that Boulder-Maxx "affirmatively operat[ed] with furtive design or ill will." *Techna-*

*Fit, Inc.*, 45 N.E.3d at 418. Indeed, contrary to the trial court's finding, Boulder-Maxx did present some evidence in an attempt to contradict Chalfant's testimony, and its trial strategy appeared to have been to impeach Chalfant, who provided the sole testimony in favor of Haby. The evidence does not support a determination that Boulder-Maxx litigated this action in bad faith.

[21] Still, Haby maintains that one of the trial court's other findings supports the court's conclusion that Boulder-Maxx litigated in bad faith. Haby points out that the court found that Boulder-Maxx's "conduct underscores that [its] purpose of this lawsuit is a predatory attempt to obfuscate [its] own wrongdoing." Appellants' App. Vol. 2 at 22. However, the trial court did not base the attorney's fee award on that finding. And the trial court's reference to Boulder-Maxx's "conduct" in that finding was described by the trial court as follows:

> Even if [Boulder-Maxx was] misled about the identity of the buyer of the College Avenue Property, [Boulder-Maxx's] conduct after filing this lawsuit *in orchestrating the sale of other Boulder-Maxx, LLC property to an anonymous buyer* . . . demonstrates that the identity of buyers of Boulder-Maxx, LLC property was not genuinely important to [Boulder-Maxx].

*Id.* (emphasis added). In other words, the trial court found that Boulder-Maxx's conduct *outside of the litigation* showed bad faith. But it is well settled that, under Indiana Code Section 34-52-1-1, "the action must be *litigated* in bad faith, which means that only conduct in the course of the litigation is relevant to the

question of attorney's fees." *Techna-Fit, Inc.*, 45 N.E.3d at 418 (emphasis original).

[22] Without evidence to support the trial court's conclusion that Boulder-Maxx litigated this action in bad faith, the court's conclusion is clearly erroneous. We hold that the trial court erred when it awarded Haby attorney's fees, and we reverse the attorney's fee award.

[23] Affirmed in part and reversed in part.

Mathias, J., and Brown, J., concur.